Carroll BARNETT and Harold McBrine, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

Sarah Sargent, Harvey J. Levigne, Hattie McGivern and Raymond Grenier, Intervening Plaintiffs,

v.

Otis R. BOWEN, in his official capacity as Secretary, Department of Health and Human Services, Defendant-Appellee.

Leon S. DAY, on behalf of himself and all others similarly situated, Plaintiff-Appellant,

Amedie Maurais, Plaintiff-Intervenor-Appellant,

v.

Otis R. BOWEN, in his official capacity as Secretary, Department of Health and Human Services, Defendant-Appellee.

Nos. 1143, 1144, Dockets 85–6252, 6315.

United States Court of Appeals, Second Circuit.

Argued April 28, 1986.

Decided May 30, 1986.

Thomas F. Garrett, Vermont Legal Aid, Inc., Burlington, Vt. (Paula J. Kane, Vermont Legal Aid, Inc., St. Albans, Vt., Wendy Morgan, Vermont Legal Aid, Inc., St. Johnsbury, Vt., of counsel), for plaintiffs-appellants.

John S. Koppel, Atty., Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., (Richard K. Willard, Asst. Atty. Gen., Washington, D.C., George W.F. Cook, U.S. Atty., Rutland, Vt., John F. Cordes, Dept. of Justice, Washington, D.C., of counsel), for defendant-appellee.

Michael McShane, Earl F. Daniels, II, Asst. Attys. Gen., Waterbury, Vt., for the State of Vt. as amicus curiae.

Before FEINBERG, Chief Judge, KAUFMAN and OAKES, Circuit Judges.

FEINBERG, Chief Judge:

This is a consolidated appeal from orders of Judge James S. Holden of the United States District Court for the District of Vermont, which dismissed two class actions brought on behalf of social security disability applicants.[1] The first case, *Day v. Bowen*, No. 85–6315 (hereafter *Day*), involved the proceedings on remand from the Supreme Court in *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). On remand, the district judge vacated his injunction, which had imposed 90-day deadlines for reconsideration determinations and administrative hearings reviewing denial of social security disability benefits under Title II of the Social Security Act (the Act), 42 U.S.C. § 401 et seq. The judge also concluded that *Heckler v. Day* foreclosed any other form of class-wide relief and dismissed the class action. In the second case, *Barnett v. Bowen*, No. 85–6252 (hereafter *Barnett*), Judge Holden also vacated an injunction which had created a 90-day deadline for administrative hearings following denial of disability benefits under Title XVI of the Act, 42 U.S.C. § 1381 et seq. He denied further class-wide relief and dismissed the class action. Because we believe that *Heckler v. Day* does not foreclose all class-wide relief, we reverse those portions of the district court's orders that deny all class-wide relief and dismiss the class actions. We remand to the district court for further consideration of appropriate remedial action.

## I.

The complicated facts underlying these lengthy proceedings are described in our two earlier opinions, *Day v. Schweiker*, 685 F.2d 19 (2d Cir.1982) and *Barnett v. Califano*, 580 F.2d 28 (2d Cir.1978), and in the Supreme Court's opinion in *Heckler v. Day*, supra. We set forth below only those facts

---

1. These cases were also consolidated on appeal with *Chagnon v. Bowen*, 792 F.2d 299. Due to the distinct nature of the facts and issues raised

by that case, it will be the subject of a separate opinion.

essential to an understanding of the appeals now before us.

Plaintiffs in *Day* are a class of applicants for Old Age, Survivors and Disability Insurance (OASDI) benefits under Title II of the Act, 42 U.S.C. § 401 et seq. They challenged delays in two stages of the four-step administrative review process for disability claims. That process begins with a state agency's initial determination of eligibility, 42 U.S.C. § 421(a); 20 C.F.R. § 404.-1503; if declared ineligible, the claimant may request a de novo reconsideration of the initial determination. 20 C.F.R. §§ 404.907–404.921. If the reconsideration determination is adverse, the claimant is entitled to a hearing before an Administrative Law Judge (ALJ). 42 U.S.C. § 405(b); 20 C.F.R. §§ 404.929–404.961. The claimant can appeal an ALJ's decision to the Appeals Council of the Department of Health and Human Services. 20 C.F.R. §§ 404.967–404.983. After exhausting these four steps, the claimant can seek judicial review in federal district court. 42 U.S.C. § 405(g).

*Day* involved delays in issuing reconsideration determinations and in scheduling hearings. Plaintiffs relied on 42 U.S.C. § 405(b), which entitles OASDI claimants to "reasonable notice and opportunity for a hearing" after an adverse determination. The district court certified a statewide class of applicants who experience "an unreasonable delay in the scheduling of and/or issuance of decisions in reconsiderations and fair hearings." Finding that delays of more than 90 days for both reconsiderations and hearings violated section 405(b), the district court granted summary judgment to the plaintiff class. The court then imposed mandatory 90-day deadlines for both reconsideration determinations and hearings,[2] and provided for payment of interim benefits if certain deadlines were exceeded. This court affirmed. 685 F.2d 19 (2d Cir.1982).

Thereafter, the Supreme Court reversed. *Heckler v. Day,* supra. In his opinion for the majority, Justice Powell relied on "Congress' continuing concern that mandatory deadlines would subordinate quality to timeliness, and its recent efforts to ensure the quality of agency determinations," 467 U.S. at 117, 104 S.Ct. at 2257, to strike down the 90-day time limits. The Court held that "[i]n light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." Id. at 119. In a footnote, reproduced in full in the margin,[3] the Court stated that "nothing in this opinion precludes the proper use of injunctive relief to remedy *individual* violations of § 405(b)." Id. at 119 n. 33 (emphasis in original). The Court vacated the decision of this court and remanded the case for further proceedings consistent with its opinion. Id. at 119. This court thereafter summarily remanded the case to the district court.

*Barnett,* which was begun in 1974 (several years before *Day*), challenged similar delays in scheduling hearings to review adverse reconsideration determinations for applicants for Supplemental Security Income (SSI) disability benefits, pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et

**2.** The district court's order exempted reconsideration determinations and fair hearings from the 90-day deadline in certain specified circumstances. See *Heckler v. Day,* 467 U.S. 104, 109–10 nn. 11–12, 104 S.Ct. 2249, 2253 nn. 11–12, 81 L.Ed.2d 88 (1984).

**3.** Footnote 33 of the Court's opinion stated:
We make clear that nothing in this opinion precludes the proper use of injunctive relief to remedy *individual* violations of § 405(b). Our decision in this case is limited to the question whether, in view of the unequivocally clear intent of Congress to the contrary, it is nevertheless appropriate for a federal court to prescribe mandatory deadlines with respect to the adjudication of disability claims under Title II of the Act. We understand that the courts below were moved by long delays that well may have caused serious deprivations. But this does not justify imposing absolute periods of limitations applicable to all claims—limitations that Congress repeatedly has declined to enact.
467 U.S. at 119, 104 S.Ct. at 2258 (emphasis in original).

seq. Plaintiffs claimed that these delays violated 42 U.S.C. § 1383(c)(1), which states that "[t]he Secretary shall provide reasonable notice and opportunity for a hearing," the Administrative Procedure Act (APA) and the due process clause. District Judge Coffrin certified a statewide class of "all present and future applicants for SSI disability benefits whose initial claims are denied ... and who subsequently request a reconsideration hearing." Finding violations of section 1383(c)(1) and the APA, he ordered the Secretary to schedule hearings within 90 days of requests by SSI claimants and also provided for payment of non-refundable benefits if this time limit was exceeded. This court affirmed the judgment except as to the payment of non-refundable benefits. 580 F.2d 28 (2d Cir. 1978). Neither side sought review by the Supreme Court.

Turning now to the decisions before us on this appeal, the district court on remand in *Day* vacated its injunction setting mandatory time limits. As to alternative forms of relief, Judge Holden stated that "the Supreme Court's disapproval of class-wide deadlines on future disability claims casts a shadow upon the finding of class-wide unreasonable delays in reconsideration determinations and hearings." The district judge denied any class-wide relief and dismissed the action. Citing footnote 33 of the Court's opinion in *Heckler v. Day*, he indicated that plaintiffs should proceed individually. Several days later, Judge Holden also granted the Secretary's motion to vacate the judgment and dismiss the class action in *Barnett*. He found plaintiffs' attempts to distinguish *Barnett* from *Day* unpersuasive and, accordingly, declined to fashion alternative class-wide relief. These appeals followed.

## II.

The principal issue on appeal is the extent to which the Supreme Court's opinion in *Heckler v. Day* precludes class-wide relief in these cases, either explicitly or by implication. Appellants characterize that opinion as deciding only the narrow issue

of the validity of mandatory time limits in the administrative review process. They maintain that the Court did not disturb the district court's determination that section 405(b) requires reasonably prompt hearings and reconsiderations and that the delays suffered by plaintiffs in this case were unreasonable. Accordingly, they argue that *Heckler v. Day* does not foreclose class-wide relief other than time limits and that, by failing to grant alternative declaratory and injunctive relief to the classes, the district court misinterpreted the Court's mandate on remand. Appellants contend that the Court's opinion is not based on principles of deference to the Secretary's administrative discretion, and that such discretion, in any event, does not preclude other forms of class-wide relief. They propose various alternative remedies, including notice to individual claimants informing them of their rights and reporting requirements.

Appellee Secretary, on the other hand, maintains that *Heckler v. Day* requires that all actions alleging delay in the adjudication of Title II and Title XVI benefits proceed on an individual basis. Appellee reads the opinion, with particular emphasis on footnote 33, to indicate that invalidation of mandatory deadlines bars all class-wide relief in these cases, since class-wide relief cannot take into account differences in facts and circumstances in individual cases. The Secretary also claims that the alternative forms of class-wide relief proposed by appellants rely on the prohibited time limits to define the class and its rights. Appellee argues that the only way to give form and content to the reasonableness requirement on a class-wide basis is through the use of mandatory time limits. Finally, the Secretary contends that, like time limits, the alternative remedies proposed by appellants would jeopardize the quality and uniformity of agency decisions.

We agree with appellants' view of *Heckler v. Day*. That opinion does not foreclose all class-wide relief designed to minimize unreasonable delays in processing Title II and Title XVI claims. It nowhere

addresses the validity of class-wide relief other than mandatory deadlines. In fact, the Court narrowly framed the issue to be decided, indicating that it granted certiorari "to consider whether it is appropriate for a federal court, without statutory authorization, to prescribe deadlines for agency adjudication of Title II disability claims and to order payment of interim benefits in the event of noncompliance." 467 U.S. at 110, 104 S.Ct. at 2253. See also id. at 105, 104 S.Ct. at 2251 ("The question presented is the validity of an injunction ... that requires the Secretary ... to adjudicate all future disputed disability claims ... according to judicially established deadlines"). The Court stated that the Secretary did not challenge the district court's determination that hearings must be held in a reasonable time or that the delays encountered by plaintiffs violated that requirement.[4] Id. at 111 & n. 15, 104 S.Ct. at 2253 & n. 15. As Justice Marshall commented in dissent, "the District Court's declaratory judgment that the plaintiff class is entitled to relief is not at issue." Id. at 120, 104 S.Ct. at 2258. See also id. at 121, 104 S.Ct. at 2259 (Marshall, J., dissenting) (the Court's review was limited to equitable remedy imposed by the district court); *Martinez v. Califano*, No. 73 C 900 (EHN), slip op. at 4–5 (E.D.N.Y. May 28, 1985) (because the district court's declaratory judgment was undisturbed by the Supreme Court, other class-wide relief was allowed). Contrary to the Secretary's argument, footnote 33 is not a categorical rejection of class-wide relief. The footnote merely makes clear that injunctive relief would still be an appropriate remedy for individual cases involving unreasonable delays, despite the fact that "absolute periods of limitations applicable to all claims," 467 U.S. at 119 n. 33, 104 S.Ct. at 2258 n. 33, are now invalid. See *Sharpe v. Heckler*, No. 79 Civ. 1977 (CSH), slip op. at 11 (S.D.N.Y. Sept. 30, 1985). Accordingly, we do not believe that footnote 33 requires all claimants seeking relief from delays in the administrative review process to press their claims only on an individual basis, as the district court found.

Under the circumstances, we think that the Court intended to do no more than it claimed to, namely, decide the validity of the district court's mandatory deadlines. Indeed, it specifically indicated that its decision was limited to this question. See 467 U.S. at 119 n. 33, 104 S.Ct. at 2258 n. 33. We deem it unlikely that the Court would make the important decision to bar class actions in this context by implication, particularly since it allowed class relief in *Califano v. Yamasaki*, 442 U.S. 682, 700–01, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979) (ordering prerecoupment hearings for OASDI recipients who request a waiver under 42 U.S.C. § 204(b) and upholding certification of nationwide class of recipients subject to recoupment). We also do not believe that, by vacating the judgment of the district court, the Court intended to disturb findings it had previously referred to as unchallenged or to dismiss the class action. Finally, while not dispositive of this question, we note that neither the Supreme Court nor this court on remand saw fit to dismiss the class action, but instead remanded the case for proceedings consistent with the opinion in *Heckler v. Day*. See 467 U.S. at 119, 104 S.Ct. at 2258. See also *Quern v. Jordan*, 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979) (Supreme Court's prior decision foreclosing the award of benefits did not prevent the district court, on remand, from ordering notice to class members, advising them of their rights). See generally *Avery v. Heckler*, 762 F.2d 158, 163 (1st Cir.1985) (remand order does not usually deprive district court of jurisdiction or require dismissal).

■ More troubling is the Secretary's argument, described above, that, even if *Heckler v. Day* did not address the question of class-wide relief, its prohibition on mandatory deadlines makes definition of

---

**4.** The Secretary argues that his predecessor did, in fact, contest the district court's finding of a statutory violation. However, this would not alter the fact that, for the purpose of interpreting the Court's decision, this finding must be considered undisputed.

the class difficult, since "unreasonable" must be defined in relation to some specific time frame. Appellee is correct that the class in *Day* was defined with reference to unreasonable delays; it encompasses

> [a]ll present and future Vermont residents seeking ... Social Security disability benefits who, following an initial determination ... that no disability exists, experience an unreasonable delay in the scheduling of and/or issuance of decisions in reconsiderations and fair hearings.

467 U.S. at 107–08, 104 S.Ct. at 2252. However, we do not agree that use of the term "unreasonable delay" in the class definition conflicts with the Supreme Court's prohibition on mandatory deadlines as a remedy for unreasonable delay. As discussed above, the Court did not disturb the district court's conclusion that unreasonable delays violate the statute or its finding of such delays in the case before it. Accordingly, it would still be appropriate to define a class to include all applicants who may experience unreasonable delays in violation of sections 405(b) or 1383(c)(1), despite the fact that the point at which delays become unreasonable may vary with the facts and circumstances of individual cases. We realize that this definition may pose some difficulty for the Secretary in identifying class members, see *Crosby v. Social Security Administration*, Civil Action No. 81–674–MA, slip op. at 2 (D.Mass. Aug. 21, 1985), but a suitable method of identification seems feasible and should be resolved on remand.

We also note that the class in *Barnett* was defined without reference to unreasonable delays; the class certified by Judge Coffrin includes "all present and future [Vermont] applicants for SSI disability benefits whose initial claims are denied on a finding that no disability exists and who subsequently request a reconsideration hearing." Under the *Barnett* class definition, it would be easy for the Secretary to identify class members; all Title II applicants who request a hearing are readily identifiable. Furthermore, since the district court found unreasonable delays pervaded the administrative review process, see, e.g., *Heckler v. Day*, 467 U.S. at 111 n. 15, 104 S.Ct. at 2253 n. 15, the likelihood that claimants may experience extensive delays may make it particularly appropriate to define the class broadly.

■ We disagree with appellee's contention that all of the alternative remedies proposed by appellants necessarily resurrect the prohibited mandatory deadlines. Similarly, since the Court did not reach the argument that the district court had intruded upon the Secretary's discretion to adopt rules and procedures for the adjudication of claims, 467 U.S. at 118–19, 104 S.Ct. at 2257, we reject the Secretary's objection to alternative remedies on that ground. A violation of plaintiffs' rights having already been established, appellants are clearly entitled to declaratory relief. The district court also has a duty to fashion appropriate injunctive relief, using its broad equitable powers. See, e.g., *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 15, 91 S.Ct. 1267, 1275, 28 L.Ed.2d 554 (1971). But see *Williams v. Heckler*, 745 F.2d 63 (8th Cir.1984) (summarily ordering dismissal of SSI class action in light of *Heckler v. Day* ). The Secretary could, of course, introduce evidence of the administrative burden such relief would impose, which the district court should take into account in exercising its discretion with respect to any remedial orders. Although we are remanding to the district court to design appropriate class-wide relief, we will briefly review here various alternatives suggested to us.[5]

■ The first of these is to require the Secretary to notify all class members of their individual right to reconsideration and hearings in a reasonable time. While ad-

---

**5.** We do not suggest that the proposals discussed in this opinion exhaust the possibilities for re-

medial action open to the district court in the exercise of its discretion.

mittedly not as effective as mandatory deadlines, such a notice would be of assistance to the class, most of whom "are not represented by counsel and are unaware of what remedies they have to challenge unreasonable delays in the disposition of their claims." *Martinez v. Califano*, supra, slip op. at 5. In *Martinez*, Judge Nickerson ordered the Secretary to provide notice to claimants awaiting hearings advising them of procedures available in the event of unreasonable delay. Slip op. at 5. See also *Blankenship v. Secretary of Health and Human Services*, No. C 75–0185–L(A), slip op. at 4 (W.D.Ky. March 20, 1986) (also requiring notice). Indeed, notice is probably the remedy most likely to facilitate individual suits of the type referred to approvingly in footnote 33 of *Heckler v. Day*. We anticipate that the parties will work out the specific form and timing of the notice on remand, subject to the district court's approval.

Status reports would also be useful to identify particular instances of delay. See *Sharpe v. Heckler*, supra, slip op. at 12–13 (ordering parties to work out consensual reporting); *Caswell v. Bowen*, Civ. No. 76–25, slip op. at 3–4, (D.Me. Jan. 16, 1986) (ordering Secretary to report statistical information). Since appellants do not provide us with a detailed plan for this relief, we recommend to the district court the approach taken by Judge Haight in *Sharpe*, supra, slip op. at 13–14, and suggest that the parties arrive at some sort of consensual reporting requirement which could also serve as the basis for giving particularly delayed cases priority and expedited treatment. If agreement cannot be reached quickly, however, it would be within the district court's power to order the filing of reports, the establishment of priorities and the expediting of delayed cases on an individual basis.

For the reasons stated above, we reverse the orders of the district court in relevant part, and remand the cases for consideration of appropriate class-wide relief.