796 F.2d 576
 14 Soc.Sec.Rep.Ser. 252, Unempl.Ins.Rep. CCH 16,985
Carol A. CROSBY, individually and on behalf of all others
similarly situated, Plaintiffs, Appellants,
v.
SOCIAL SECURITY ADMINISTRATION OF the UNITED STATES, et al.,
Defendants, Appellees.
 No. 85-1863.
 United States Court of Appeals,
First Circuit.
 Argued June 2, 1986.
Decided July 22, 1986.
 
 Jonathan S. Berck with whom Paul R. Collier, III, Boston, Mass., Lisa R. Sockett, Veronica M. Dougherty and Vilna M. Waldron, Harvard Legal Bureau, were on brief, for plaintiffs, appellants.
 John S. Koppel, Appellate Staff, Civil Div., Dept. of Justice, with whom Richard K. Willard, Asst. Atty. Gen., Washington, D.C., William F. Weld, U.S. Atty., Boston, Mass., and John F. Cordes, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., were on brief, for defendants, appellees.
 Before COFFIN, Circuit Judge, BROWN,* Senior Circuit Judge, and BOWNES, Circuit Judge.
 COFFIN, Circuit Judge.
 
 
 1
 Plaintiffs-appellants appeal from a judgment of the District Court for the District of Massachusetts dismissing their class action claim in light of Heckler v. Day, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). We agree that Day precludes class-wide relief in this case and thus affirm.
 
 
 2
 Plaintiffs-appellants filed their class action claim in 1981, claiming that unreasonable delays by the Social Security Administration (SSA) in issuing decisions on claims for Social Security disability benefits violated their rights under the Social Security Act, the Administrative Procedure Act and the Fifth Amendment. The District Court for the District of Massachusetts found that average delays of up to seven months violated the class members' right to "reasonable notice and opportunity for a hearing" as required by the Social Security Act, 42 U.S.C. 405(b) and 1383(c)(1). The court awarded summary judgment to the plaintiff class and ordered that all hearings be held and claims adjudicated within 180 days of a claimant's hearing request. Crosby v. Social Security Administration, 550 F.Supp. 1278 (D.Mass.1982).
 
 
 3
 On appeal, 767 F.2d 904, we vacated the district court's judgment and remanded the case in light of the intervening Supreme Court opinion in Heckler v. Day, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). In Day, the Court invalidated a class-wide injunction that imposed mandatory time limits for reconsideration decisions of disability denials and for hearings before an Administrative Law Judge (ALJ).[1] The Court held that because Congress had determined that mandatory time deadlines would be inappropriate for adjudicating disability claims, "it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims". Day, 467 U.S. at 119, 104 S.Ct. at 2258.
 
 
 4
 On remand, the district court dismissed the claims of the plaintiff class on the ground that Day precluded the relief sought. At the time, plaintiffs had not yet argued for any relief different from that granted in the original injunction. We vacated and remanded, on the ground that plaintiffs might be able to devise a recertified class and alternative relief measures that could pass muster under Day and that the district court should pass on such alternative relief and class composition first "in light of Day, the history and procedural posture of the case, and such other law as may be appropriate". We then stated that the court may "reconsider the motion to dismiss if still appropriate".
 
 
 5
 On remand, the plaintiffs moved to recertify the class as all present and future claimants for disability benefits "who have not had a hearing held within a reasonable time and/or who have not had a decision rendered in such a hearing for benefits within a reasonable time from the date of Request of Hearing" (emphasis in original).[2] The new relief requested included a declaration that defendants have "violated the rights of class members to reasonably timely hearings and decisions in Social Security disability appeals as required by the Social Security Act", an injunction ordering defendants to "provide notice to class members of their rights", and an injunction ordering defendants "to provide periodic reports to the Court and counsel for the Plaintiff Class on the status of the delay situation in Massachusetts".
 
 
 6
 The plaintiffs proposed two notices that would inform class members of their rights. The first notice would be sent immediately after a claimant requested a hearing before an ALJ, as part of the usual acknowledgement form that the SSA mails to every claimant who requests a hearing. That notice would advise claimants that long delays in hearings and adjudications are unreasonable absent justification, and that they should contact counsel for the plaintiff class or other counsel if they desire further assistance. The second notice would be sent to claimants 120 days after their request for a hearing, and would contain a statement by the SSA as to why the hearing had not been held. This notice would be designed to alert the claimant that delay in his or her individual case may be unlawful.
 
 
 7
 The district court rejected the plaintiffs' alternative class definition and relief requests, finding that they did not escape the proscription of Day. The court pointed out that plaintiffs' "pleadings simply substitute the standard of 'within a reasonable time' for a definitely established period of time for the class" and that "[s]uch a class would be impossible to identify". The court dismissed the case without prejudice to former members of the class to present individual claims, and directed the Secretary of Health and Human Services to provide written notice to members of the class of the provisions of the court's order. In addition, in response to the court's suggestion, the Secretary agreed to provide the identities of delayed applicants to plaintiffs' counsel to facilitate the institution of appropriate individual suits.
 
 
 8
 We sympathize, as did the district court, with the plight of plaintiffs in this case; nevertheless, we agree with that court that the only appropriate action at this juncture is to dismiss the class action suit. In Heckler v. Day, the Supreme Court did more than merely abolish judicially imposed mandatory time limits. The underlying rationale of the Court was that Congress had disapproved of mandatory time limits because such limits failed to take into account the differences in the facts and circumstances of each individual case. As a basis for its understanding, the Court quoted a report from the House Ways and Means Committee: "[The] Committee believes that a disability claimant is entitled to a timely hearing and a decision on his appeal, but it also recognizes that the time needed before a well-reasoned and sound disability hearing decision can be made may vary widely on a case-by-case basis.... Establishing strict time limits for the adjudication of every case could result in incorrect determinations because time was not available to ... reach well-reasoned decisions in difficult cases." Day, 467 U.S. at 115, 104 S.Ct. at 2256 (quoting H.R.Rep. No. 97-588, at 19-20 (1982)).
 
 
 9
 Under this analysis, a delay of any particular period of time may be quite reasonable in one case and extremely unreasonable in another. Thus, the Court refused to find that the statutory right to be granted a hearing within a reasonable time-frame could be effectuated through the use of across-the-board time limits, and rather emphasized that injunctive relief could properly be used only "to remedy individual violations of 405(b)". Day, 467 U.S. at 119 & n. 32, 104 S.Ct. at 2258 & n. 32 (emphasis in the original).
 
 
 10
 Given the dictates of Day, we see no way for plaintiffs to maintain their class action. Plaintiffs now define their class as all claimants who have not had a hearing or a decision on their disability claim "within a reasonable time". But Day makes it clear that the determination of whether the right to a reasonably timely ALJ hearing and decision has been violated can be made only on a case-by-case basis. Because the standard of "within a reasonable time" makes class members impossible to identify prior to individualized fact-finding and litigation, the class fails to satisfy one of the basic requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure. See 7 C. Wright & A. Miller, Federal Practice and Procedure, 1760, at 581 (2nd ed. 1972) (description of class must be sufficiently definite so that it is administratively feasible to determine whether a particular individual is a member); 3B Moore's Federal Practice 23.04, at 23-119 ("membership of the class must be capable of ascertainment under some objective standard"); 23.40 at 23-291--23-292 (defendant's "action or inaction must not be so varied and particularized in relation to the individual putative class members as to be valid as to some and invalid as to others") (2nd ed. 1985); Metcalf v. Edelman, 64 F.R.D. 407, 409-10 (N.D.Ill.1974) (no common issue of law when separate adjudications are necessary to determine if a particular plaintiff is being deprived of a livelihood compatible with health and well-being and is thus a member of the plaintiff class). Without an identifiable class of disability claimants, we cannot grant class-wide relief in this case either in the form of granting notices or compiling status reports.
 
 
 11
 We are aware that the Court of Appeals for the Second Circuit has recently addressed this precise question and has come to an opposite conclusion. Barnett v. Bowen, 794 F.2d 17 (2nd Cir.1986). The court in Barnett was troubled by the Secretary's argument that "even if Heckler v. Day did not address the question of class-wide relief, its prohibition on mandatory deadlines makes definition of a class difficult, since unreasonable must be defined in relation to some specific time frame." At 22. The panel proceeded to conclude, however, that it did "not agree that use of the term 'unreasonable delay' in the class definition conflicts with the Supreme Court's prohibition on mandatory deadlines as a remedy for unreasonable delay". Id. Under the court's reading of Day, the Supreme Court had not "disturb[ed] the district court's conclusion that unreasonable delays violate the statute or its findings of such delays in the case before it." Id. Thus, the court concluded, "it would still be appropriate to define a class to include all applicants who may experience unreasonable delays in violation of sections 405(b) or 1383(c)(1), despite the fact that the point at which delays become unreasonable may vary with the facts and circumstances of individual cases." Id. at 23. Although, as the court noted, "this definition may pose some difficulty for the Secretary in identifying class members", it concluded that "a suitable method of identification seems feasible and should be resolved on remand". Id. at 23.
 
 
 12
 We cannot accept the reasoning of the Second Circuit panel. To us, the standard of unreasonable delay poses more than merely "some difficulty" in identifying class members; it poses an insurmountable difficulty. If what is unreasonable must necessarily vary from claimant to claimant, how can such a class be constituted? Further, the Court in Day simply stated that unreasonable delays may violate the statute in individual cases, see Day, 467 U.S. at 119 & n. 33, 104 S.Ct. at 2258 & n. 33, and that the Secretary had not disputed the district court's determination that "the 27 sample cases it studied evidenced statutory violations of the reasonableness requirement". Id. at 111 & n. 15, 104 S.Ct. at 2253 & n. 15. The Court did not, however, as far as we can discern, affirm the district court's conclusion that the class of claimants in that case had experienced unreasonable delays. Indeed, such a conclusion would appear contrary to the Court's rationale that mandatory deadlines were inappropriate precisely because they dealt with the delay situation in the context of class, rather than individual violations.
 
 
 13
 The court in Barnett pointed to the Supreme Court opinion in Califano v. Yamaski, 42 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) as support for its argument that the Day Court could not have intended that all class action relief should be precluded in the area of disability determinations. Appellants also rely on Yamaski. We do not, however, find that case to be controlling. In Yamaski, the Court held that the language of 205(g) of the Social Security Act, which authorizes suit by "[a]ny individual" contesting an adverse decision by the Secretary, does not, by its language, preclude all class actions in the area of Social Security cases. The Court noted that 205(g) "contains no express limitation of class relief", id. at 699, 99 S.Ct. at 2556, and that class relief was particularly appropriate in the case before it because the "issues involved are common to the class as a whole". Id. at 701, 99 S.Ct. at 2557. Our conclusion here in no way contradicts Yamaski. We do not hold that all class actions are inappropriate for Social Security litigation, but only that in the particular area of disability determinations, the Court's decision in Day has made it logically impossible to constitute an appropriate class to bring the action.
 
 
 14
 Even if class definition were not a problem, plaintiffs' proposed remedy would run afoul of Day. Plaintiffs suggest that a notice be sent to all claimants within 120 days of their request for a hearing. Such a notice would resurrect, sub silentio, the precise type of time limit rejected by the Court in Day. The necessary rationale for such relief is that delay after 120 days is presumptively unreasonable. The essential teaching of Day, however, is that delays may be analyzed for reasonableness only in the context of individual cases, and so any class-wide time requirements are inappropriate.
 
 
 15
 Plaintiffs also propose, as a form of alternative relief, that a notice be sent to all claimants immediately after they request a hearing before an ALJ. This relief would eliminate the need to refer to any set time limit and, presumably, could also provide the basis for an alternative and ascertainable class definition. We find, however, no harm to justify this remedy. An essential basis for granting equitable relief is that a class of plaintiffs suffer an identifiable injury for which a defendant is liable. The first notice requested by plaintiffs would be sent to claimants who, by definition, have not yet experienced any delay. Granting such relief, therefore, would need to be based on a finding that systematic delays affecting all claimants exist throughout the administrative process, and that prophylactic relief in the form of a first notice is thus warranted. Indeed, the Barnett court held that a class could be constituted of all claimants who have requested a hearing, concluding that "since the district court found unreasonable delays pervaded the administrative review process ... the likelihood that claimants may experience extensive delays may make it particularly appropriate to define the class broadly". At 23.
 
 
 16
 We find it difficult to accept this conclusion of the Barnett court on the record before us. In our case, the only finding of liability on the part of the defendants was made in the context of the initial injunction. That injunction was based on findings of unreasonable delays, which were necessarily tied to the premise that any delay past a certain time limit was per se unreasonable for any class member. That premise cannot stand after the Supreme Court's opinion in Day. Indeed, that district court judgment and injunction has itself been vacated. Thus, as the district court on remand pointed out during the hearing before it, "there is no liability on the defendants ... [and] I have no basis for ordering them to do anything on this record". (At 47) Given that the only possible finding of liability on the part of the defendants in this case is no longer applicable, we see no basis for requiring the notice as a remedy for liability on the part of the defendants.
 
 
 17
 We have also considered, although this possibility was not directly argued, whether the requested notice could be ordered as an effectuation of an existing statutory right. Cf. Avery v. Secretary of Health and Human Services, 762 F.2d 158, 164-65 (1st Cir.1985) (where statute provides that "[t]he Secretary shall notify [an individual class member] by certified mail that he may request a review of" his disqualification, district court has authority to establish the content of the notice). We do not believe, however, that such an order would be appropriate in this case. The Social Security Act merely states that the Secretary shall give a claimant who has been denied eligibility in the initial determination stages "reasonable notice and opportunity for a hearing with respect to such decision". 42 U.S.C. 405(b). The statute does not explicitly provide that the hearing must be held within a reasonable amount of time, but rather that a claimant must receive reasonable notice of the hearing. The Secretary has never claimed, however, that claimants do not have a statutory right to a hearing within a reasonable amount of time, see Day, 467 U.S. at 111, 104 S.Ct. at 2253, and it has been properly assumed that such a right is implicit in the statute, see, e.g., Day, 467 U.S. at 108 & n. 8, 104 S.Ct. at 2252 & n. 8. It would be an additional step, however, to conclude that claimants also have a statutory right to receive individual notices that unreasonable delays in hearings and adjudications may violate their statutory right. Such a step appears unwarranted without clearer direction from the statutory language or legislative history. See also Atkins v. Parker, --- U.S. ----, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985) (individual notices of general change in the food stamp law are sufficient to meet the particular statutory requirement; requiring more detailed notices goes beyond that mandate).
 
 
 18
 The defendants informed the district court that they would provide plaintiffs' counsel with the identities of the delayed applicants so that individual claims for possible violations of 405(b) could be pursued. In addition, the district court directed SSA to provide written notice to members of the class of the provisions of his order. In view of the holding and implications of Heckler v. Day, we think that no more can properly be required of SSA.
 
 
 19
 The district court's judgment is affirmed.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation
 
 
 [1]
 Under the Social Security Act and its accompanying regulations, there is a four-step administrative review process for determining disability claims. First, a state agency determines whether a claimant has a disability and is eligible for benefits. 42 U.S.C. 421(a); 20 C.F.R. 404.1503 (1983). Second, if declared ineligible, a claimant may request a de novo reconsideration of the initial determination. 20 C.F.R. 404.907-404.921. Third, if the reconsideration determination is adverse, the claimant is entitled by statute to an evidentiary hearing and a de novo review by an ALJ. 42 U.S.C. 405(b); 20 C.F.R. 404.929-404.961. Fourth, the claimant can appeal an adverse decision by the ALJ to the Appeals Council of the Department of Health and Human Services. 20 C.F.R. 404.967-404.983. After exhausting these administrative procedures, a claimant can seek judicial review in federal district court. 42 U.S.C. 405(g). In Day, the plaintiffs had sought declaratory and injunctive relief for delays encountered in steps two and three above
 
 
 [2]
 The original class had been certified as all present and future claimants for disability benefits "who have not had a hearing held within ninety (90) days from the date of the Request for Hearing and/or who have not had a decision rendered in such a hearing for benefits within one-hundred and twenty (120) days from the date of Request of Hearing"