Carroll **BARNETT**, et al.

v.

**Otis R. BOWEN, in his official capacity as Secretary, Department of Health & Human Services.**

Leon S. **DAY**, et al.

v.

**Otis R. BOWEN, in his official capacity as Secretary, Department of Health & Human Services.**

Civ. A. Nos. 74–270, 78–266.

United States District Court, D. Vermont.

July 8, 1987.

Thomas F. Garrett, Vermont Legal Aid, Inc., Burlington, Vt., for plaintiffs.

Gena E. Cadieux, Federal Programs Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Kenneth J. Melilli, Asst. U.S. Atty., Rutland, Vt., for defendant.

## MEMORANDUM OF DECISION

HOLDEN, Senior District Judge.

Following the decision of the Supreme Court in *Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed. 2088 (1984), the Court of Appeals for the Second Circuit has remanded these consolidated actions to this court to apply broad equitable power to design appropriate class-wide declaratory and injunctive relief to remedy violations of plaintiffs' clearly established statutory rights. *Barnett v. Bowen,* 794 F.2d 17, 23 (2d Cir.1986).

The first of these consolidated class actions is *Barnett v. Weinberger,* No. 74–270 (D.Vt. Jan. 13, 1976), *modified and aff'd sub nom. Barnett v. Califano,* 580 F.2d 28 (2d Cir.1978). In *Barnett,* Judge Coffrin enjoined unreasonable delays in the administrative hearing process concerning supplemental security income (SSI) disability claims. The class certified in *Barnett* included "all present and future applicants for SSI disability benefits whose initial claims are denied ... and who subsequently request a reconsideration hearing."

The second action originated in this court as *Day v. Schweiker,* No. 78–266 (D.Vt. Nov. 6, 1981), *aff'd,* 685 F.2d 19 (2d Cir. 1982), *vacated and remanded,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). On initial remand, the court vacated an injunction which imposed a 90 day time limit for reconsideration determinations and administrative hearings to review denials of disability benefits under Title II of

the Social Security Act. Reading *Heckler v. Day* to mean equitable relief could be granted only on an individual basis, the orders authorizing class actions on motions by the Secretary were vacated in both *Barnett* and *Day*. The Court of Appeals consolidated the actions, reversed and remanded to this court for the purposes cited above.

The statewide class in *Day* included those applicants who experience "an unreasonable delay in the scheduling of and/or issuance of decisions in reconsiderations and fair hearings." The court of appeals rejected the Secretary's contention that the term "unreasonable delay" in the class definition was in conflict with the Supreme Court's prohibition of mandatory time limits. Nonetheless, the parties have expressed agreement to adoption of the *Barnett* certification. As appropriately modified to encompass *Day* class members, the class definition for these consolidated actions includes:

> All present and future Vermont applicants for social security disability benefits under Titles II and XVI of the Act whose initial claims have been denied and who subsequently request reconsideration and administrative hearings.

The appellate court suggested various alternatives to mandatory deadlines. The first was to require the Secretary to provide notice to claimants of their individual right to reconsideration and hearings in a reasonable time. However, the circuit court's anticipation that the parties would work out the specific form and timing of the notice to be provided the members of the broadly defined class has not come to fruition. Rather, after extended discussion with both oral and written argument, these questions remain for decision on the plaintiffs' opposed motion for summary judgment for class-wide relief pursuant to Fed. R.Civ.P. 56(c).

## DISCUSSION

The stated purpose of the motion is to obtain the following relief: (1) a declaration that unreasonable delays in deciding reconsideration requests or scheduling hearings before administrative law judges on disputed disability claims violate the Act; (2) an order to the Secretary directing that individualized notices be mailed to class members about 90 days [1] after submission of requests for reconsideration or hearing if those requests are still pending; (3) an order to the Secretary to adopt procedures to expedite resolution of all claims in which the above notice is sent; and (4) an order to the Secretary to provide quarterly reports on processing times in Vermont for all reconsideration and hearing requests.

### Declaratory Relief

▪ ■ The plaintiffs seek a twofold declaration that unreasonable delays in deciding reconsideration requests or in scheduling hearings before an administrative law judge on disputed disability claims violate the Social Security Act. The request will be granted in part.

The appeals that have gone on before establish beyond question that Section 405(b) of the Act "requires administrative hearings to be held within a reasonable time ... and that the delays encountered in the cases of plaintiffs Day and Maurais violated that requirement." *Heckler v. Day*, 467 U.S. at 111, 104 S.Ct. at 2253; *Barnett v. Bowen*, 794 F.2d at 22. The order reviewed by the Supreme Court "simply does not speak to decision making; it interprets and enforces only a claimant's right to a timely *hearing*." *Heckler v. Day*, 467 U.S. at 123, 104 S.Ct. at 2260 (emphasis in original) (Marshall, J., dissenting).

More recently, in rejecting some of the Secretary's objections to alternative remedies, the opinion of the court of appeals by Chief Judge Feinberg plainly states: "A violation of plaintiffs' rights having already

---

**1.** The Secretary voiced concern that a rigid 90 day notice requirement might subject the agency to suits for non-compliance if notice were not mailed out on exactly the 90th day. To accommodate this concern, plaintiffs request an order that notice be generated between 85 and 95 days after a review request is received. For ease of discussion, however, the court will refer to 90 day notice.

been established, appellants are clearly entitled to declaratory relief." *Barnett v. Bowen,* 794 F.2d at 23.

*Improvement in Processing Time*

The Secretary opposes granting class-wide relief to plaintiffs on the grounds that "substantial documented improvement in processing times ... has occurred since [plaintiffs commenced this litigation]." The Secretary points out that the average time for scheduling hearings has been reduced by over 40 percent since 1982, and that only 24.7 percent of requests for reconsideration are pending after 90 days. The favorable statistics compiled by the Secretary demonstrate that there remain some Vermont claimants who continue to experience untimely response to requests for reconsideration and hearings.[2]

■ Even if the Secretary had the capability to demonstrate that voluntary procedures had eliminated all present delays, the court is summoned to protect as far as possible against delays that may develop in the future. "[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case.... The defendant is free to return to his old ways." *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953) (citations and footnote omitted). In keeping with the mandate, appropriate class-wide relief calls for remedies designed to avoid administrative deficiencies as they may develop in the future. *See Wilkinson v. Abrams,* 627 F.2d 650, 657 (3d Cir.1980) (voluntary elimination of delays in processing unemployment compensation claims did not render the case moot since no regulations against future dilatory behavior were promulgated). The court concludes that broad remedial action is essential to protect

present and future Social Security disability claimants.

*Acknowledgment of Request and Time of Notice*

Plaintiffs ask that notice informing claimants of their right to timely adjudication and the availability of legal remedies be sent approximately 90 days after the requests are received because information provided at that time "will be useful and relevant." Defendant contends such a notice requirement establishes a *de facto* presumption that a reconsideration or hearing request not processed within 90 days is unreasonably delayed, and that such a presumption violates the Supreme Court's holding in *Heckler v. Day.* The defendant also contends that the second circuit and other courts have only approved of notice at the inception of the reconsideration review process. Further, the 90 day notice requirement is resisted as undue intrusion on the Secretary's discretion to establish his own case management procedures.

■ The decision in *Heckler v. Day,* as read in the second circuit, does not preclude the district court from imposing a time limit for notices. The Supreme Court took pains to limit its holding to deadlines imposed upon the adjudication process.

Our decision in this case is limited to the question whether, in view of the unequivocally clear intent of Congress to the contrary, it is nevertheless appropriate for a federal court to prescribe mandatory deadlines with respect to the *adjudication* of disability claims under Title II of the Act.

*Heckler v. Day,* 467 U.S. at 119 n. 33, 104 S.Ct. at 2257 n. 33 (emphasis added).

The court of appeals for the second circuit, disagreeing that "all alternative reme-

---

**2.** According to the Secretary, from January 1984 to December 1986, 2,488 people requested reconsideration of the denial of their claims for disability. The most recent data on delays indicates that about 25 percent of all reconsideration requests take more than 90 days. Thus, assuming future figures are comparable to the present ones, over a three-year period, about 622 people, or about 207 people per year, would experience delays of over 90 days in having

reconsideration requests processed. As for hearings, the Secretary has stated that the average time from date of request to date of hearing was 85 days at the end of 1986. The Secretary does not state, however, whether the average is achieved by having many cases quickly heard and many cases long delayed, or whether the processing times for cases are all clustered around 85 days.

dies ... necessarily resurrect the prohibited mandatory deadlines," remanded these causes with the suggestion that relief include notice to all class members of their individual right to reconsideration and hearings in a reasonable time. *Barnett v. Bowen,* 794 F.2d at 23–4. *Compare Crosby v. Social Security Administration of the United States.* 796 F.2d 576 (1st Cir. 1986) (dismissal of class action appropriate under *Heckler v. Day* ). Other decisions since *Heckler v. Day* have also concluded that deadlines for non-adjudicatory matters in Social Security determinations are permitted.[3]

The Secretary has responded to the 90 day notice suggestion by proposing a single notice on standardized forms to be directed to all claimants who have been denied disability benefits and who request reconsideration and hearings.[4] As shown in the margin, the notice proposed by the defendant would give assurance that every effort will be made to schedule a timely hearing, but a forewarning of delay is included. It suggests the applicant may wish to seek relief in this court as a member of the class certified in these actions. It further indicates appropriate sources for legal advice, including resort to Vermont Legal Aid, Inc., if eligibility for free assistance is indicated.

The proposal advanced by the Secretary appears appropriate as an acknowledgment to the claimant who has been denied disability benefits that the reconsideration process is underway. The communication also provides initial explanation that the applicant has a right to a hearing within a reasonable time. Source for further information is disclosed with guidance to the hearing office in charge of the case. The notice proposed by the Secretary appropriately opens the way for further action in the event reconsideration is obstructed by scheduling delays. At this first step in the review process the court perceives no need for individual, as opposed to standardized, notice to the members of the class.

---

**3.** *See Mason v. Bowen,* No. 83–390, slip op. at 8 (D.Vt. Oct. 8, 1986) [Available on WESTLAW, DCT database] (deadlines for ministerial tasks in review process are proper); *Martinez v. Bowen,* No. 73 C 900, slip op. at 2 (E.D.N.Y. April 24, 1986) (notice advising claimants of their rights to timely proceedings); *Sharpe v. Heckler,* No. 1977–CSH, slip op. at 10–11 (S.D.N.Y. Sept. 30, 1985) [Available on WESTLAW, DCT database] (class-wide notice advising claimants of their rights and available procedures); *Wilson v. Heckler,* 622 F.Supp. 649, 659 (D.N.J.1985), *vacated in part on other grounds sub nom. Wilson v. Sec. of Health and Human Services,* 796 F.2d 36 (3d Cir.1986), *cert. granted and decision vacated,* —— U.S. ——, 107 S.Ct. 3205, 96 L.Ed.2d 692 (mandatory timetables for identification and notification of class members); *Blankenship v. Sec. of Health and Human Services,* No. 75–0185–1(A), slip op. at 2 (W.D.Ky. Oct. 1, 1986) (appeal pending) (class-wide notice advising claimants of their rights and available procedures to be sent with acknowledgment of requests, but in no event later than 90 days). *But see Crosby,* 796 F.2d 576 (no class actions or notice requirements permitted); *Holman v. Bowen,* No. 78–0494 (M.D.Pa. May 1, 1987) (no specific time limitations on Secretary permitted).

**4.** The notice proposed by the Secretary is as follows:
  You Have a Right to Have a Decision Within A Reasonable Time After Your Reconsideration Request

We are requested by the United States District Court to give you the following notice:
Although we will make every effort to issue a reconsideration decision on your claim as soon as possible, there may be delay in issuing the decision. If you wish to find out the status of your reconsideration decision, you may call (*Insert Field Office telephone number* ) or write to the Field Office at (*Insert Field Office address* ).
You have a right to have your reconsideration decided within a reasonable time from your original request. If after getting a status report and learning more about your case, you feel that the decision has been unreasonably delayed, you may wish to seek relief from the United States District Court for the District of Vermont as a member of the class in (*Insert Barnett v. Bowen,* Civ. No. 74–270 for SSI claimants or *Day v. Bowen,* Civ. No. 78–265 for RSI claimants).
You may wish to consult an attorney regarding your rights. If you do not have an attorney, free legal services may be available if you qualify for them due to financial need. For further information, or to request free legal assistance, you may wish to contact the nearest office of Vermont Legal Aid, Inc.
The Secretary submitted a substantially identical notice regarding requests for administrative hearings.

Yet acknowledgment without follow-up action does not resolve the problem since at that point in time the request has undergone no delay. In the court's view, the Secretary should be called upon to demonstrate that the assurance given in the proposed notice "to make every effort to reach a reconsideration" decision is indeed ongoing.

*Reporting Requirement*

The court of appeals has commended to the district court that it require the Secretary to provide status reports at suitable time intervals to indicate the progress of cases involving requests for reconsideration and administrative hearings. The plaintiffs request the court impose this requirement; the defendant offers no strenuous opposition. The Secretary asserts, however, that "the defendant already has a case management procedure in effect that has served to substantially reduce processing delays, and that has a goal of further reducing" delayed action. Such efforts certainly will not be hindered by periodic reporting. More importantly, the reported statistics should provide an appropriate means for the court and counsel to monitor the administrative progress, to identify particularly delayed requests deserving of expedited treatment and to measure the success of the procedures in place.

█ Accordingly, to achieve these objectives, the court will direct the defendant to submit a written statement at the end of each quarterly period to report the following categories:

1. The number of requests for reconsideration and administrative hearing submitted to the Secretary during each month of the quarter.

2. The number of cases reported in category 1 that have not been scheduled for hearing.

3. Identification by name and number of each case reported during the preceding quarter that remains unscheduled for hearing.

*Individualized Notice*

█ The court is persuaded that requests for reconsideration and administrative hearing that have remained with the Secretary for more than three months without being scheduled for hearing should not be left unattended without explanation. In the court's view, the applicant who has been called upon to stand by for such an extended time is entitled to be notified of the reason for the delay. In an effort to achieve this objective, the court will direct the defendant to afford supplementary notice to claimants who have experienced unduly delayed scheduling of administrative hearings on requests submitted before the end of the prior reporting period. If the cause of the delay is not attributable to the Secretary, the reason, so stated, should dispel the defendant's concern about a *"de facto* presumption" of unreasonable delay at the 90 day benchmark.

The notice at this extended point in time should set forth the following information:

1. The reasons for the delay in scheduling the requested hearing.

2. The identity of the representative in the Social Security Administration to be contacted for further information on the current status of the request.

3. The right to seek relief in the district court as a member of the plaintiff class in the event the claimant feels his request for reconsideration and hearing has been unreasonably delayed.

The notice as thus prescribed should serve two purposes. If the cause is attributable to the claimant, the person requesting reconsideration should be so informed so that the shortage might be cured by corrective action on the claimant's part. If the fault lies with the Secretary, the second notice should summon the administration to expedite the review process.

By the defendant's particular statistics, the number of hearings requested and delayed is few. The most recent data on reconsideration delays reported less than twenty-five percent of the cases exceeded the 90 day benchmark. There has been no showing that a second notice would be burdensome.

CONCLUSION

In resisting the remedies designed above, the defendant has not availed himself of

the opportunity to introduce evidence of the administrative burden such relief might impose on his office. *See Barnett v. Bowen,* 794 F.2d at 23.

The court concludes that the pattern of declaratory and equitable relief outlined in this Memorandum of Decision avoids all restrictions and burden on the adjudicatory function of the Secretary. The remedies are designed in accord with the mandate in *Barnett v. Bowen,* 794 F.2d at 23. The directive to the Secretary to report individual cases that remain unscheduled for more than a quarterly reporting period and to provide a second notice is a remedy fashioned by the court to expedite particularly delayed cases on an individual basis. *Id.* at 24.

A judgment order to effectuate these remedies will be entered and so ordered.

## ORDER

In accordance with the pattern of declaratory and equitable relief outlined in the accompanying Memorandum of Decision, it is hereby ORDERED AND ADJUDGED:

1. Unreasonable delays in scheduling hearings on requests for reconsideration and administrative hearing to review denial of disability benefits under Titles II and XVI of the Social Security Act violate the Act.

2. The Secretary shall provide to all claimants who have been denied disability benefits and who request reconsideration and hearing, a copy of the notice attached hereto as Appendix A, which shall be delivered simultaneously with acknowledgment of a claimant's request.

3. The Secretary shall submit to the clerk of the court at the end of each quarterly period, commencing with the quarterly period ending on September 30, 1987, a written statement that reports the following categories:

   (1) The number of requests for reconsideration and administrative hearing submitted to the Secretary during each month of the quarter.

   (2) The number of cases reported in category 1 that have not been scheduled for hearing.

   (3) Identification by name and number of each case reported during the preceding quarter under category 2 that remains unscheduled for hearing.

4. The Secretary shall provide to all claimants whose cases are identified in the quarterly report under category 3, an individualized notice conforming to that outlined and attached hereto as Appendix B, which shall be delivered at or about the time the quarterly report is submitted to the court. Such notice will set forth the following information:

   (1) The reasons for the delay in scheduling the requested hearing.

   (2) The identity of the representative in the Social Security Administration to be contacted for further information on the current status of the request.

   (3) The right to seek relief in the district court as a member of the plaintiff class in the event the claimant feels his request for reconsideration and hearing has been unreasonably delayed.

## APPENDIX A

[Notice as Proposed by the Secretary]
*Barnett-Day*—Scheduling of Hearing

You Have A Right To Have A Hearing Scheduled Within A Reasonable Time After Your Request

We are requested by the United States District Court to give you the following notice:

Although we will make every effort to schedule a hearing in your claim, there may be delay in scheduling a hearing. If you wish to find out the status of scheduling your hearing, you may call (*Insert Hearing Office telephone number*) or write to the Hearing Office at (*Insert Hearing Office address*).

You have a right to have your hearing scheduled within a reasonable time from your original request. If after getting a status report and learning more about your case, you feel that the scheduling of your

hearing has been unreasonably delayed, you may wish to seek relief from the United States District Court for the District of Vermont as a member of the class (Insert *Barnett v. Bowen*, Civ. No. 74–270 for SSI claimants or *Day v. Bowen*, Civ. No. 78–265 for RSI claimants).

You may wish to consult an attorney regarding your rights. If you do not have an attorney, free legal services may be available if you qualify for them due to financial need. For further information, or to request free legal assistance, you may wish to contact the nearest office of Vermont Legal Aid., Inc.

[Notice as Proposed by the Secretary]
*Barnett-Day* Reconsideration Decision

### You Have A Right To Have A Decision Within A Reasonable Time After Your Reconsideration Request

We are requested by the United States District Court to give you the following notice:

Although we will make every effort to issue a reconsideration decision on your claim as soon as possible, there may be delay in issuing the decision. If you wish to find out the status of your reconsideration decision, you may call (*Insert Field Office telephone number*) or write to the Field Office at (*Insert Field Office address*).

You have a right to have your reconsideration decided within a reasonable time from your original request. If after getting a status report and learning more about your case, you feel that the decision has been unreasonably delayed, you may wish to seek relief from the United States District Court for the District of Vermont as a member of the class in (Insert *Barnett v. Bowen*, Civ. No. 74–270 for SSI claimants or *Day v. Bowen*, Civ. No. 78–265 for RSI claimants).

You may wish to consult an attorney regarding your rights. If you do not have an attorney, free legal services may be available if you qualify for them due to financial need. For further information, or to request free legal assistance, you may wish to contact the nearest office of Vermont Legal Aid., Inc.

### APPENDIX B

The administrative hearing you requested has not yet been scheduled. The reason a hearing has not been scheduled is:

If you would like more information about the status of your case, you may call the Field Office at [insert Field Office telephone number] or write to the Field Office at [insert Field Office address].

If, after learning more about the status of your case, you feel that the scheduling of a hearing has been unreasonably delayed, you may seek relief from the United States District Court for the District of Vermont as a member of the class in [insert *Barnett v. Bowen*, Civ. No. 74–270 for SSI claimants or *Day v. Bowen*, Civ. No. 78–265 for OASDI claimants].

You may wish to consult an attorney regarding your rights. If you do not have an attorney, free legal services may be available if you qualify for them due to financial need. For further information, or to request free legal assistance, you may contact the nearest office of Vermont Legal Aid, Inc.

A hearing on your request for reconsideration has not yet been scheduled. The reason a hearing has not been scheduled is:

If you would like more information about the status of your case, you may call the Field Office at [insert Field Office telephone number] or write to the Field Office at [insert Field Office address].

If, after learning more about the status of your case, you feel that the scheduling of a hearing has been unreasonably delayed, you may seek relief from the United States District Court for the District of Vermont as a member of the class in [insert *Barnett v. Bowen*, Civ. No. 74–270 for SSI claimants or *Day v. Bowen*, Civ. No. 78–265 for OASDI claimants].

You may wish to consult an attorney regarding your rights. If you do not have an attorney, free legal services may be available if you qualify for them due to financial need. For further information, or

to request free legal assistance, you may contact the nearest office of Vermont Legal Aid, Inc.